IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gerome Fripp, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:08-02444-RBH-PJG |
| | ) | |
| v. | ) | |
| | ) | |
| Cheryl Brunson; Sgt. Ladson, | ) | **REPORT AND RECOMMENDATION** |
| Dillon County Detention Center; | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. On January 14, 2009, the defendants filed motions for summary judgment. (Docket Entries 36, 38.) By order of this court filed January 15, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (Docket Entry 39.)

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the motions. As the plaintiff is proceeding *pro se*, the court filed a second order on February 24, 2009, advising the plaintiff that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the plaintiff an additional fifteen (15) days in which to file his response to the defendants' motions for summary judgment. (Docket Entry 47.) The plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

PJG

Despite this second warning, the plaintiff still did not respond. Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70; Fed. R. Civ. P. 41(b); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) (stating that a magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning).

*/s/ Paige J. Gossett*

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 19, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).